EDWARD S. STAFFORD, Respondent, *v.* THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 24, 1886.

1. NEGLIGENCE—CONSTRUCTION OF PLATFORM AT DEPOT—CASE ADJUDGED.—In an action for damages for personal injuries sustained by plaintiff, a passenger on defendant's train, in leaving its station, the petition imputes two defects to the platform for a *passenger* depot. One, that it was improperly and negligently constructed, and, *again*, that it was constructed for *freight* depot purposes, and was built high for receiving and discharging freight. That it was thereby rendered *dangerous* for *passengers*, and no railing was maintained around the platform to protect passengers against the danger incident to the negligent construction, and that defendant *knew* it was not properly constructed. *Held*, that it was for the jury to say, from all the facts, whether a platform for the use of passengers, at such a point, built as it was, was properly or negligently constructed.

2. ——— CARRIERS—OBLIGATION OF TO PASSENGERS AFTER LEAVING CARS.—The law requires of railroads that they provide reasonably safe landings for their passengers; as, also, like means of access to and egress from their stations and premises. They must have due regard for the safety of passengers, as well in the location, construction, and arrangement of their station buildings and platforms as in their previous transportation. And it is the province of the jury to settle these matters.

APPEAL from Livingston Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

Statement of case by the court.

This is an action to recover damages for personal injuries sustained by plaintiff, a passenger on defendant's railroad train, in leaving its station at Chillicothe, Missouri. The facts, in substance, are that plaintiff was a passenger on one of defendant's trains of cars, to be carried for hire to its station at Chillicothe. The train was due at this station at eleven o'clock p. m.; but did not arrive until 11:30 p. m.

The plaintiff lived at Chillicothe, and was familiar with the station and its surroundings. The night was unusually dark, so much so that one could not well see his way without the aid of a light. The train came from the east, going west, stopping on the south side of the depot. In order to go home, which was the usual traveled way for passengers leaving the depot to go up town, he had to pass west along the platform until he reached the southwest corner of the depot building, then, turning north, he had to pass along the west side of the building along the platform to the northwest corner. The platform here was three feet from the ground, and in order to reach the ground he had to pass down a narrow stairway or flight of steps.

The platform on the south side was lower than along the west side, so that in passing from the south to the west side he ascended a flight of steps. There were no railings, or other barriers along the outer edge of the platform on the west side. A lamp was usually kept burning at the northwest corner of the depot building to light the west platform and the steps descending therefrom, down which the plaintiff had to pass. But this lamp was not lighted that night, nor did the defendant have any other light which fell upon this platform and the steps at the northwest corner. There were some hacks standing on the west side, which had lamps, but

the evidence quiet clearly showed that they gave no light at the steps in question, at the time of the accident. The platform and steps were covered with ice.

On alighting from the train, the plaintiff started for his home, and, passing from the south side, up the steps to the west side, he approached the steps, and, supposing he had reached them, stepped to go on them, when he fell to the ground, crippling him in his foot and ankle, and otherwise slightly bruising his body.

The negligence imputed to the defendant in the petition, was the improper construction of the platform, the failure to erect and maintain any railing or other barrier to prevent persons from stepping or falling from the platform in the night time, and the failure to have any light at the place of injury.

The answer, after tendering the general issue, pleaded contributory negligence on the part of plaintiff.

On behalf of plaintiff the court gave the following instructions:

"1.   If the jury believe from the evidence that on the night of December 29, 1883, the defendant's passenger train arrived at its depot in Chillicothe, and that plaintiff came to Chillicothe on said train as a passenger for hire, and alighted therefrom at said depot, and that, at the time of the arrival of said train, the night was dark, and that defendant's said depot was surrounded by a platform which was some three feet higher than the ground, and that no railing or other barrier had been constructed or maintained around the edge of said platform to keep persons having business thereon from walking off or falling therefrom, and that it was the way furnished by defendant for persons to go to and from their trains, and that it was the custom and habit of persons getting off of and upon defendant's trains at said depot to pass over and across said platform, and that defendant and its servants well knew that it was so used, and that, at the time the said train arrived and the plaintiff alighted therefrom and upon said platform, the

defendant's servants failed and neglected to have such lights on said platform as were necessary on account of the darkness of the night, and the character and condition of said platform, to enable persons arriving on defendant's said trains to pass in safety from said platform, and that plaintiff, in passing from said train across said platform, and without fault on his part, walked off of or ·fell from the same, and was thereby injured, then the jury will find for the plaintiff and assess his damages at such sum as they shall believe from the evidence he is entitled to receive, not exceeding $5,000."

"2. If the jury find from the evidence that, on the night of December 29, 1883, defendant's passenger train arrived at defendant's depot at Chillicothe, Missouri, and that plaintiff came to Chillicothe as a passenger for hire on said train and alighted therefrom, and that, on the arrival of said train, the night was dark and defendant's servants had failed to have the platfrom there surrounding its depot properly lighted up, so as to enable passengers arriving by said train to pass safely over said platform from said train, and that said platform had been negligently and improperly constructed for the purposes of a platform for a passenger depot, and for the use. of passengers getting off and upon its trains at said depot at such time, and that plaintiff, in passing from said train across said platform on his way home, and over that part of said platform used by persons in getting off and upon defendant's trains at said depot, without fault upon his part, and because of the failure of defendant's servants to have said platform lighted up, and the negligent and improper construction of said platform, walked off or fell from said platform, and was thereby injured, the jury will find for plaintiff and assess his damages at such sum as he may be entitled to receive, under the evidence in the case, not exceeding $5,000."

"3. If the jury find for plaintiff, they may, in determining the damages plaintiff has sustained, take into consideration all the evidence in the case as to the character

and extent of the injuries he may have received, the bodily pain he may have undergone by reason thereof, the time lost, if any, on account of the same, and the result of said injuries upon the use of the limb injured, and assess his damages at such sum as they find he is entitled to receive, under the evidence in the case, not exceeding $5,000."

On the part of defendant, the court instructed the jury as follows :

" 2.   The jury are instructed that the failure of de· fendant to have a railing around the depot platform at the place of the injury was not negligence."

" 3.   If the jury believe from the evidence that that part of the platform in proof where the injury occurred was sufficiently lighted by defendant and others to enable a party using due care to avoid such an accident as the one sued for, they must find for defendant."

" 4.   By due care, as used in the foregoing instruction, is meant such care as an ordinarily prudent man would exercise under the circumstances, as detailed by witnesses, including the darkness of the night, the height of the platforms from the ground, and the slippery condition of the platform caused by snow and ice."

The court refused to instruct, as requested by defendant, to the effect that if plaintiff could have passed safely from the depot by another way known to him, he could not recover.

The jury returned a verdict for plaintiff, assessing his damages at four hundred and fifty dollars.   Defendant appealed.

STRONG & MOSMAN, for the appellant.

I.   The *first* instruction given for plaintiff and the *second* given for defendant are in direct and irreconcilaable conflict.   For this, the judgment should be reversed. *Stevenson v. Hancock,* 72 Mo. 614 ; *Price v. Railroad,* 77 Mo. 512 ; *Goetz v. Railroad,* 50 Mo. 474 ; *Thomas v.*

*Babb*, 45 Mo. 388. So the said *first* instruction assumed
the failure to erect railing was negligence, as *matter of
law*. It is error for the court to assume a fact that the
jury ought to determine. *Staples v. Canton*, 69 Mo. 593 ;
*Loewer v. Sedalia*, 77 Mo. 431. So, the said *first* in-
struction subjected defendant to a higher degree of care
for plaintiff's safety than is imposed by the law, under
the facts in evidence. *Loewer v. Sedalia*, 77 Mo. 437 ;
*Imhaff v. Railroad*, 20 Wis. 347 ; *Waller v. Railroad*,
83 Mo. 608 ; *Strauss v. Railroad*, 75 Mo. 190.

II. Plaintiff's *second* instruction is in direct con-
flict with the second instruction given for defendant.
Cases cited, *supra*, under I ; *Bank v. Armstrong*, 62
Mo. 59 ; *Waldhier v. Railroad*, 71 Mo. 471 ; *Price v.
Railroad*, 72 Mo. 414. It permitted recovery on an
issue which was withdrawn from the jury ; and stood as
though that issue had not been made in the pleadings.
*Hassett v. Ruet*, 64 Mo. 325. It did not (nor did any of
the instructions) define or submit the facts which con-
stitute contributory negligence pleaded in defences.
*Harrison v. Railroad*, 74 Mo. 369. Nor the facts which
constitute "a negligent and improper construction of
said platform." *Harrison case, supra*. It referred the
jury to the pleadings, which was error. *Eidleman v.
Transfer Co.*, 3 Mo. App. 503.

III. The petition did not state facts sufficient to
constitute a cause of action, in that it disclosed and
averred such facts as constituted *contributory negligence*
of plaintiff. And the court erred in overruling defend-
ant's objection to evidence, and defendant's motion in
arrest. *Centralia v. Krause*, 64 Ill. 19 ; *Durkin v.
Troy*, 61 Barb. (N. Y.) 437 ; *Parkhill v. Brighton*, 61
Iowa, 103 ; *Corlett v. Leavenworth*, 27 Kansas, 675. The
court erred in overruling motion for new trial. Plain-
tiff's evidence showed that he was within the rule of the
foregoing cases.

Frank Sheetz and L. H. Waters, for the respondent.

I. Plaintiff's *first* and defendant's *second* instruction are not in conflict. The *former* was predicated of the *whole case;* while the *latter* simply told the jury that a failure to have and maintain a railing around the platform of their depot, did not, *of itself,* amount to negligence. *Brothers v. Carter*, 53 Mo. 33.

II. Plaintiff's *second* instruction is not in conflict with defendant's *second* instruction. It did *not* authorize a recovery on an issue which had been withdrawn from the jury.

III. When the jury were told that plaintiff must be without fault on his part, the case was stated more strongly for defendant than was necessary. It need only have told the jury that plaintiff must be without *negligence* on his part. *Strauss v. Railroad*, 75 Mo. 188; Shearm. & Redf. on Neg., sect. 33. The statement in an instruction, "without fault on his part," has been held a sufficient presentation of contributory negligence. *Price v. Railroad*, 74 Mo. 414; *Moore v. Railroad*, 85 Mo. 588.

IV. The petition states a good cause of action, and there can be no substantial objection maintained to it, either in form or in substance.

V. The verdict was for the right party, and should not be disturbed.

Strong & Mosman, in reply.

I. *Brothers v. Carter* (52 Mo. 374), is not applicable. There is not a single feature or point of that case to be found in this. The citation is irrelevant.

II. Both instructions were necessary to cover the whole case. Instructions should meet the points raised by the evidence and pleadings on both sides, and *not be inconsistent*. *Henschen v. O'Bannon*, 56 Mo. 289; *Fitzgerald v. Haywood*, 50 Mo. 576.

III.   The position of plaintiff as to contributory negligence is not supported by the authorities cited.

IV.   The judgment should be *reversed*.

Philips, P. J.—I.   The only questions for determination are as to the action of the court in giving and refusing instructions.  It is strenuously urged by defendant that the first instruction given for plaintiff is in conflict with the second given on behalf of defendant.  The contention is, that the said second instruction declared that the failure to have a railing on the platform was not negligence, whereas the said first instruction predicated a right of recovery on account of the absence of such railing.  This, we hold, is not a fair construction of the first instruction.  Its palpable import is, that if the jury found that the plaintiff was some three feet above the ground, without railings to protect persons from walking off, and the defendant failed and neglected to have necessary lights there on such a night to enable passengers to pass from the platform in safety, then they could find for plaintiff.  It does not tell the jury they could find the existence of negligence from the fact of the absence of such railing.  While defendant could have escaped responsibility for the injury, had it railed in the platform at that point, yet, not having done so, it became its duty to its passengers to protect them in the night time against the danger of falling therefrom by keeping a light at such place.  This is the obvious purport of the direction to the jury.  It is incredible that the jury could have been misled by it, when the court in another instruction explicitly told them that the defendant was not required to maintain any railing there.

II.   The same objection is lodged against the second instruction given on behalf of plaintiff.  We think it is quite apparent that this instruction imputes two grounds of negligence to the defendant; one for failing to have the platform properly lighted, and the other that the

"platform had been negligently and improperly constructed for the purpose of a platform for a passenger depot."

Wherein, then, is this instruction out of harmony with the second given for defendant? It refers to the manner of the construction of the platform for the purposes of a passenger depot. But, by the instruction given for defendant, the court simply advised the jury that, in considering this question of the construction of the platform, the mere absence of a railing should be excluded. Its effect, therefore, was to restrict the inquiry and limit the conclusion of the jury to the ascertainment of such defect outside of the want of such railing.

To meet this inevitable construction as to the meaning of the instruction, the learned counsel for defendant contends that the petition is based solely, in this particular, on the failure to have the railing.

We do not consider this a liberal construction of the petition. The petition imputes two defects to this platform. It charges that the platform was negligently and improperly constructed. It then specified that it "was constructed for freight depot purposes, and was built around said depot some three feet above the ground." This is a distinct defect alleged. The charge is, that while using it as a passenger depot, they constructed the platform on the plan of a freight depot, leaving the platform high for the convenience of receiving and discharging freights. It was left three feet above the ground, so as to render it dangerous for a passenger to miss his way or footing and fall from it to the ground. The petition then follows up this averment with the further additional allegation, that no railing was maintained around the platform to protect passengers against the danger incident to the negligent construction. And as more clearly indicating the purpose of the pleader to aver two defects in this particular, the statement is followed with the allegation: "that defendant knew, etc., that said plat-

form was not properly constructed, and that there should have been erected along the outer edge a railing or other barrier." Thus the two things are enumerated, and the charge is, that defendant knew of the existence of both.

It was for the jury to say, from all the facts, whether a platform for the use of passengers at such a point, built three feet above ground was properly or negligently constructed. And there was evidence from which the jury might not unreasonably infer that it was unnecessarily and negligently left in that condition. The evidence showed that the platform on the south side had been originally constructed just as on the west side. But it had been lowered so as to leave it only twelve or eighteen inches above the ground, while this was left three feet high, along which passengers, coming and going to its trains, passed day and night.

The second instruction was based on this aspect of the case. Although the jury in the second instruction given for defendant were told to disregard the want of any railing, thereby excluding all evidence as to that, they were not directed not to consider the question of the negligent construction of this platform in other respects. And even if it were conceded that defendant's construction of the petition is admissible, it would not follow that the verdict should be disturbed. It is observable that the instruction under review does not state the two grounds of negligence, the defective construction of the platform, and the absence of any light, in the alternative, and direct the jury that they could find for the plaintiff if they found either defect to exist. But the instruction is in the conjunctive, and required the jury to find that both the defects existed, and that no necessary light was present. So we are bound to presume that the jury, if influenced at all by this instruction, found that defendant was guilty of negligence in not having a light at the place in question. In such case, the verdict would stand with or without the other fact. *Gaty v. Sack*, 19 Mo. App. 471.

It was most inexcusable negligence on the part of defendant not to have a light at the northwest corner of the depot. And there being really no contradictory proof touching this fact, and nothing to palliate the omission, we do not see how the jury could have returned a different verdict.

III.  Counsel for defendant seem to intimate in their brief that the high degree of care, which the law exacts of railroad carriers toward passengers, does not extend to the obligation to provide for their safety after leaving the car.  Of course the matter of due care and vigilance is always relative, having regard, in such a case as this, to the danger and peril to be anticipated.  But the law does require of railroads to provide reasonably safe landings for its passengers, as, also, like means of access to and egress from its stations and premises.  The law "requires of the defendants (the railroad companies) due regard for the safety of passengers, as well in the location, construction, and arrangement of their station buildings, platforms, and means of egress, as in their previous transportation.  It is argued in this case that the platforms were not properly constructed, lighted or guarded, and that the defendants were guilty of negligence in backing down the engine without proper lights or signals.  The bare statement of these matters shows that it is appropriately the province of the jury to settle them." *Gayner v. Old Colony, etc., Ry. Co.*, 100 Mass. 215 ; *Patten v. Chicago, etc., Ry. Co.*, 32 Wis. 329, 333, 334.

IV.  It is, also, objected that the instruction given for plaintiff did not properly submit to the jury the issue respecting the contributory negligence of the plaintiff. Both of the instructions employ the terms "without fault on his (plaintiff's) part."  If the injury was inflicted without plaintiff's fault, certainly he was not guilty of contributing to it.  We know of no decision disapproving of such an instruction.

Other questions are discussed by counsel in brief,

but as they present no principle not well settled against defendant's contention, and as the judgment was for the right party, we will not review them. The other judges concurring, the judgment of the circuit court is affirmed.