HERMAN GERHART, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 19, 1904.

1. **PASSENGER CARRIERS: Platform: Light.** A carrier of passengers discharging them at night on a platform should have the same lighted so they can proceed with safety by the exercise of care along the usual course taken by passengers.

2. ———: ———: ———: **Special Train.** The fact that the train may be a special one or the hour of arrival unusual, can not excuse the carrier nor lessen its obligation.

3. ———: ———: ———: **Instructions.** Certain instructions are considered and approved.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Geo. S. Grover* and *D. C. Allen* for appellant.

(1) The contract, as alleged and proven, was to safely carry respondent between the termini of the route. This would include a safe and reasonably convenient mode of exit from the car to the platform. All was supplied, and all was accomplished—safe transportation, a safe and reasonably convenient mode of

exit from the platform, a platform in first class condition, and a safe alighting thereon. Young v. Railroad, 93 Mo. App. 273; Kendrick v. Railroad, 136 Mo. 551; Ratteree v. Railroad, 81 S. W. 568; Waller v. Railroad, 83 Mo. 616; Talbot v. Railroad, 72 Mo. 294; Fillingham v. Transit Co., 102 Mo. App. 582; Hutchinson on Carriers (1 Ed.), sec. 612. All got off the car and onto the platform in safety. (2) Of the number, seventeen of them moved at once north along the platform to St. Louis avenue in safety. Two of the number—one under the protectorate of the other—with the lighting of matches and noise of many feet in front of them, walked off the platform on the east side. The twentieth man—lighting matches in the rear—lagging behind the two—escapes falling off. Would it be fair, under the same conditions, to say that Mr. Gerhart exercised the same degree of care as the eighteen men who escaped injury? If the eighteen men exercised ordinary care, can we say that Mr. Gerhart did the same? Impossible! (3) As soon as Mr. Gerhart got in safety on the platform, he made his election of courses, and, under the protectorate of Mr. Holman, the latter holding his right arm, undertook to go to St. Louis avenue. As already stated, Mr. Holman was on his right, and, therefore, in the stepping off, necessarily preceded Mr. Gerhart. Instinct will act. Especially is this so when an accident is sudden. It is impossible not to believe that under the first sensation of falling, Mr. Holman clutched Mr. Gerhart's arm and pulled him. The accident to Mr. Gerhart, therefore, could not have occurred without the preceding accident or carelessness of Mr. Holman. Mr. H's accident or carelessness can not be imputed as negligence to appellant. (4) Mr. Gerhart asked no aid of appellant's servants. He knew the route by 300 visits and Mr. Holman by 500 visits. The platform was in first class condition, and, as the photographs show, as level as a floor, perfectly adapted to ingress to and egress from cars, and as low on each side, as in common

observation, can be paralleled anywhere. (5) Respondent's injury, therefore, can be only traced to accident, contributory negligence, or carelessness in Mr. Holman. Appellant is without fault. Hysell v. Swift & Co., 78 Mo. App. 39; Young v. Railroad, 93 Mo. App. 275; Holt v. Railroad, 84 Mo. App. 448; Assn. v. Talbot, 141 Mo. 674. (6) The circuit court clearly erred in giving respondent's instruction numbered 1 in the series asked by him. That instruction is certainly erroneous and misleading. Mansur v. Botts, 80 Mo. 651; Sheedy v. Streeter, 70 Mo. 679; Givens v. Van Studdiford, 4 Mo. App. 498; Zwisler v. Storts, 30 Mo. App. 163; Westheimer v. Giller, 84 Mo. App. 122.

*Craven & Moore, Simral & Trimble* for respondent.

(1) There can be no doubt, under the cases in this and other States that a railroad company owes its passengers some duty in providing them with a properly constructed and lighted station and platform, or, in other words, with a proper means of passage between its depot and the public thoroughfares, even after it has discharged its obligation as a carrier in setting the passenger down safely at his destination. Sargeant v. Railroad, 114 Mo. 348; Stafford v. Railroad, 22 Mo. App. 333. (2) Plaintiff's first instruction was proper under the facts in issue and correctly states the law of the case. (3) In conclusion, will say the judgment in this case ought to be affirmed because, under the undisputed facts in the case, it was for the right party and no complaint is made of the amount.

ELLISON, J.—Plaintiff sued the defendant for personal injuries received by him as the result of his falling off of defendant's station platform at Excelsior Springs. The judgment in the trial court was for the plaintiff.

It appears that plaintiff and some eighteen or twenty others residing at Excelsior Springs were conveyed by defendant in a special train from that town to Richmond, Missouri, returning them to Excelsior' Springs at about three o'clock a. m. the same night of their departure. The platform at defendant's station was about fourteen feet wide and three hundred feet long running north and south. The surface of the platform was smooth and well laid, but as it ran north the surface of the ground declined from it, at irregular points, from a few inches to a few feet. The platform was unlighted and unguarded by railing and the night was exceedingly dark; so much so, that even a building could not be distinguished. Plaintiff alighted safely from the car onto the platform and, in company with one of his fellows, proceeded north intending to go to the end and which would place him on one of the streets of the town. They were the last to get out of the car. In getting on with his companion as best he could they had proceeded, perhaps, half the length of the platform when they, at about the same moment, stepped off the side and fell. Plaintiff was hurt. In going along the platform they were doing the best they could in the dark. They could see the others some distance ahead of them as they struck matches to aid them along to the end. But neither plaintiff nor his campanion had matches and they were thus in total darkness. The foregoing statement is in substance the showing made by plaintiff upon which we must rely, since the verdict was in his favor. If believed, it clearly makes a case for plaintiff. It was the duty of the defendant to have its platform lighted so that passengers discharged from cars could proceed with safety in the exercise of care along the usual course taken by passengers to where they would leave the platform. [Sargent v. Railroad, 114 Mo. 348; Stafford v. Railroad, 22 Mo. App. 333.

2. A point is made that since the train was a spec-

ial and arrived out of the usual time of trains, defendant was under no obligation to light the platform. We can not allow such contention. The defendant's obligation was in no way lessened by reason of the train being special, or the hour unusual. It undertook to transport the plaintiff to Richmond and return and to discharge him onto a platform that was reasonably safe for him to use in passing along its length for the purpose of reaching the street.

We have examined the complaint as to instructions given by the court but find them not sound. The first instruction for plaintiff seems to have required the jury to find that the platform was four feet above the ground, when the evidence in plaintiff's behalf states it to have been from three to four feet where he fell off. There is no way in which it could be reasonably said that such matter was prejudicial to defendant. Such expression was more likely to be interpreted in its favor, since a critical juror might have thought if the ground was not four feet below the platform the plaintiff could not recover.

We have examined the other points made by defendant and believe, in view of the facts being found in plaintiff's favor, that we have no authority to interfere with the result and the judgment will be affirmed. All concur.