JOHNSTON W. COULTER, et al., Respondents, v. PHOENIX BRICK & CONSTRUCTION COMPANY, Appellants.

**Kansas City Court of Appeals, May 25, 1908.**

1. **TAXBILLS: Resolution: Character of Work: Stare Decisis.** The resolution declaring necessary a street improvement should state directly or by definite reference the nature and character of the improvements, otherwise proceedings are without jurisdiction. This being the consistent doctrine of this court will not be reconsidered.

2. ————: **Setting Aside: Performance of Work: Evidence: Grading.** On the evidence in the case a decree for the plaintiff may have been rendered on the ground that the work did not conform with the requirements of the contract; taxbills for grading when grading is not mentioned in the resolution are void.

3. **TRIAL PRACTICE: Cause Under Advisement: Death of Party: Revivor: Judgment Nunc Pro Tunc.** A cause was tried and taken under advisement at one term. Before the next term one of the plaintiffs died and an order was made reviving the cause in the name of his executor. At the next term the order of revival was set aside and the judgment *nunc pro tunc* entered as of the term at which the cause was tried and taken under advisement. *Held* proper and regular.

Appeal from Gentry Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*C. H. S. Goodman, Charles F. Strop* and *Eugene Silverman* for appellant.

(1) The preliminary resolution was sufficient. The specifications were on file at the time the resolution was passed. Bridewell v. Cockrell, 122 Mo. App. 199. (2) The ordinance was not defective because stating that the work was that of "grading, paving, guttering, etc." At most this is merely ambiguous permitting

the introduction of parol testimony to show what was intended to be done and what was actually done thereunder. The testimony here shows that sub-grading only was·done, and the ordinance will be construed as one for sub-grading and paving. Sedalia ex rel. v. Smith, 104 S. W. 15. (3) Where different classes of work are separately bid for and separately charged and there is no confusion and the improper items can be definitely ascertained and deducted, the taxbills are not void but simply erroneous and will be sustained to the extent of the valid charges. Perkinson v. Schnaake, 108 Mo. App. 255; Johnson v. Duer, 115 Mo. 366; Neenan v. Smith, 60 Mo. 292; Farrar v. St. Louis, 80 Mo. 393; Miller v. Anheuser, 2 Mo. App. 168. (4) Respondents are not in a position to question the validity of a taxbill nor have they any standing in equity in an effort to cancel them. They had complete knowledge in the premises of the alleged defects and the progress of the work, but stood by and permitted the work to be done and the contractor's money expended and their property benefited and improved without complaint. Respondents by their conduct have in equity estopped themselves from asserting the invalidity of these taxbills. Elliott on Roads and Streets (2 Ed.), secs. 584, 589, 590; Jaicks v. Merrill, 98 S. W. 758; Johnson v. Duer, 115 Mo. 378; Huling v. Stone Co., 87 Mo. App. 360. (5) Defendant's motion in arrest should have been sustained. The court had no power to set aside the orders made at a prior term or·to enter judgment *nunc pro tunc* when no judgment had been rendered at the prior term. The cause was undetermined at the time of the death of the plaintiff Peery and no judgment could be entered without a revival. State ex rel. v. Stratton, 110 Mo. 426; Harris v. Nicholson, 56 Mo. 220; Wittenberg v. Wittenberg, 1 Mo. 226; Kager v. Vickery, 49 L. R. A. 153, note.

*J. W. Peery* for respondents.

(1)   There was no error ·in entering the decree *nunc pro tunc* as of the date of the argument and submission of the cause.   1 Black, Judg. (2 Ed.), sec. 127, and cases cited; Bank v. Shine, 48 Mo. 456; Mead v. Mead, 1 Mo. App. 247; Sargent v. Railway, 114 Mo. 348; Dawson v. Waldheim, 89 Mo. App. 245; Mitchell v. Overman, 103 U. S. 66; S. L. Book, 26 L. C. P., p. 369 and note; Gunderman v. Gunnison, 39 Mich. 313; 18 Enc. Plead. and Prac., pp. 459-462 and notes.   (2) The preliminary resolution which was adopted and published by the board of aldermen, was insufficient and void, and the subsequent proceedings based thereon, were likewise void, because it contained no description of the work proposed to be done or of the materials to be used therein; neither did it refer to any other paper or record containing such description; and it did not state that any grading whatever was proposed to be done.   Kirksville v. Coleman, 103 Mo. App. 215; Kansas City v. Askew, 105 Mo. App. 84; Smith v. Westport, 105 Mo. App. 221; Fay v. Reed, 128 Cal. 357; Buckman v. Hatch, 139 Cal. 53; 72 Pac. 445; Improvement Co. v. Taylor, 138 Cal. 364; 71 Pac. 446; Williamson v. Joyce, 140 Cal. 669; 74 Pac. 290; Bluffton v. Miller, 33 Ind. App. 521; 70 N. E. 989; Mason v. Sioux Falls, 2 S. Dak. 640; 51 N. W. 770; People v. Birch, 201 Ill. 81; 66 N. E. 358; Washburn v. Chicago, 202 Ill. 210; 66 N. E. 1033; Barber Asphalt P. Co. v. O'Brien, 107 S. W. 25; McChesney v. Chicago, 213 Ill. 592; 73 N. E. 368.   (3) These taxbills are void, as to the item of $692.18, claimed for grading, because the preliminary resolution did not mention any grading, to be done, and because there was never any resolution or ordinance finding or declaring the revenue of the city insufficient to pay for the grading.   Kansas City v. Askew, 105 Mo. App. 84; Smith v. Westport, 105 Mo. App. 221; Wheeler v. Poplar Bluff, 149 Mo. 36; Sedalia v. Abell, 103 Mo. App.

431. (4) The taxbills are void as to the item of $863.54, for curbing because the original preliminary resolution was insufficient and void, for the reasons stated and under the authorities cited in paragraph II hereof. Kansas City v. Askew, 105 Mo. App. 84; Galbreath v. Newton, 30 Mo. App. 393; Shoenberg v. Field, 95 Mo. App. 241. (5) Not only are the taxbills void as to the item for paving on account of the preliminary resolution, of the board of aldermen, being insufficient and void, as a basis for the proceedings, which culminated in their issuance, and on account of the insufficiency of the estimate of the city engineer, as hereinbefore pointed out; but they are also void, because the evidence was amply sufficient to sustain the decree of the chancellor. Bank v. Payne, 31 Mo. App. 512; Heman v. Gerardi, 96 Mo. App. 231; Barber Co. v. Munn, 185 Mo. 552; Schibel v. Merrill, 185 Mo. 534.

BROADDUS, P. J.—This is a suit in equity by several property-owners of the city of Albany, a city of the fourth class, to cancel certain taxbills issued by the city against their property for costs of grading, paving, guttering and curbing parts of certain streets in said city upon which their properties abutted. The decree was in favor of the plaintiffs. There are various grounds alleged, upon which plaintiffs rely for a cancellation of the taxbills, among which are that the resolution adopted by the city council did not describe the work, or specify the materials for construction, either directly or by reference to any other paper or record; and because the work was not completed according to the contract.

The resolution is silent as to description of the proposed work and of the materials of which it is to be composed. The most recent expression on the question is by this court in Barber Asphalt Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25, where it is held that where

the resolution does not state the nature of the improvement, subsequent proceedings are invalid for lack of jurisdiction. And such was the holding in Kirksville v. Coleman, 103 Mo. App. 215, Smith v. Westport, 105 Mo. App. 221. The defendants rely on the holding in Bridewell v. Cockrell, 122 Mo. App. 196, as a modification of the rule as stated in the cases referred to. It is true BROADDUS, Judge, who wrote the opinion expressed the view that there was nothing in the statute expressly requiring that the resolution should mention the material or the plans and specifications for the improvement, but that such an inference might be drawn from its language. The reference in that case was to section 5860 instead of 5859 as it is printed. The court however adhered to the ruling in City of Kirksville v. Coleman, supra; and that the resolution should state in what manner it was proposed to improve the streets. As the resolution in that instance referred to the specifications to be furnished by the city engineer it was upheld on the ground that they became a part thereof. "A description by reference to a definite object or thing is, on the face of it, definite." [McChesney v. Chicago, 73 N. E. 368.] The courts of other States hold that the preliminary resolution declaring it necessary that certain streets of a city should be improved should substantially inform the public of the kind and character of the intended improvement. [Williamson v. Joyce, 74 Pac. (Cal.) 290; Mason v. Sioux Falls, 51 N. W. (S. D.) 770.] It must be conceded that the decisions of this court have been consistent on the question. Therefore we do not feel it our duty to reconsider it as we are earnestly requested by the defendants to do for the reason that adherence to established precedents is a cardinal principle in jurisprudence.

There was evidence that the work was not done according to the contract; that the bricks were not put down properly; that they were not of the right kind;

that the base on which they were laid was not properly prepared; and that the sand used was not suitable for the purpose. There was evidence also that the curbing was not composed of the kind of material required by the contract. On the side of defendants the evidence tended to show that the work and material used were in substantial compliance with the stipulations of the contract.

There is nothing in the decree to show upon what theory the court decided the case, but it might be upheld not only on the ground of the defect in the resolution to which we have alluded, but also because the defendants had failed to do the work as provided by the contract. [Heman v. Gerardi, 96 Mo. App. 231; Traders Bank v. Payne, 31 Mo. App. 512.] The taxbill evidently included work for bringing the street to a grade, but as no resolution was passed by the council declaring such work necessary and describing the work, the taxbill for that part of the cost is also void. Other objections are made to the taxbills and certain objections to the different items they contain, but as the plaintiffs were not entitled to recover for the reasons given it is not necessary to further incumber this opinion.

The cause was tried at the December term, 1905, of the court, and taken under advisement by the court and continued. Before the succeeding March term, 1906, one of plaintiffs, George F. Peery, died, at which time an order of revival was made in the name of his executor, unless good cause be shown against the revivor at the next term and the cause was continued. At the next term of the court plaintiffs filed a motion to set aside the order of revival and for judgment *nunc pro tunc* as of the date of December 8, 1905, the date on which the cause was originally submitted. The court sustained the motion and set aside the said order and rendered judgment *nunc pro tunc*. This action of

the court is alleged to be erroneous on the ground that the court had no power to set aside an order made at a prior term. And because the cause was undetermined at the time of the death of the plaintiff Peery and no judgment could be entered without a revival of the cause.

"Where a party to a suit pending an appeal dies after its submission to the court, the judgment may be entered as of the day of submission." [Sargent v. Railway, 114 Mo. 348.] In Mead v. Mead, 1 Mo. App. 247, a judgment of affirmance was entered as of the day on which the cause was submitted by reason of the death of a party between that day and the delivery of the opinion. And such was the procedure in Bank v. Shine, 48 Mo. 456. Under the sanction of these cases the court was justified in rendering a *nunc pro tunc* order.

Finding no error in the trial the cause is affirmed. All concur.