Mary Lee Moles HEIL, Relator,

v.

Arthur W. ROGERS, Judge of the Circuit Court for Ray and Carroll Counties, Missouri, Respondent.

No. 23056.

Kansas City Court of Appeals.

Missouri.

Nov. 2, 1959.

Motion for Rehearing or to Transfer Denied Dec. 7, 1959.

See 329 S.W.2d 960.

Williams & Norton, North Kansas City, for relator.

David Skeer, Kansas City, for respondent.

CAVE, Presiding Judge.

This is an original proceeding in prohibition whereby relator seeks to prohibit the respondent from entering a decree of divorce in a suit pending in the Circuit Court of Ray County, wherein relator, Mary Lee Moles Heil, was plaintiff, and Joseph Norman Heil was defendant.

The petition for writ of prohibition was filed in this court on June 3, 1959, and served on the respondent the same day. On June 17, our writ issued and service was waived, and on June 30, respondent filed return thereto. The return admits the allegations contained in paragraphs 1 to 15, both inclusive, of the petition.

A summarized statement of such allegations will present the issues to be decided. They are: Respondent, Arthur W. Rogers, is Judge of the Circuit Court of Ray and Carroll Counties, Missouri; that on June 6, 1957, relator filed a petition for divorce from Joseph Norman Heil, in the Circuit Court of Clay County; that said Joseph Norman Heil filed an answer and cross petition for divorce on July 1, 1957; that thereafter, relator filed an amended petition, and the said Heil filed amended answer and cross petition; that on March 5, 1958, said cause was transferred, on change of venue, to the Circuit Court of Ray County; that on July 23 and 24, 1958, the cause was heard by the respondent and taken under advisement; that on August 23, 1958, Joseph Norman Heil died; that on September 19, 1958, the relator filed suggestions of death and motion to dismiss her petition for divorce, and at the same time, suggestions of death of the said Heil were filed by his counsel.

On September 2, 1958, letters testamentary were issued by the Jackson County Probate Court, and the Commerce Trust Company was appointed Executor of the Estate of Joseph Norman Heil; and on October 24, counsel for the Commerce Trust Company filed, in the divorce proceeding, a motion to intervene therein, and a petition to be substituted as a party defendant, and praying that a decree of divorce to said Heil be entered nunc pro tunc. On October 27, the former counsel of said Heil filed motions and pleadings in behalf of Dan Hammond and the Shriners Hospital for Crippled Children, legatees named in the last will of the said Heil, seeking to intervene and be substituted as parties defendant, and that a decree of divorce be granted said Heil nunc pro tunc.

Plaintiff in the divorce case, relator here, filed motions to dismiss the divorce proceedings, and the petitions of the executor and Hammond and Shriners Hospital. After a hearing of the motions, the respondent judge, on March 11, 1959, entered an order dismissing the petitions to intervene filed on behalf of the Commerce Trust Company, the Shriners Hospital and Hammond; and also dismissed both the petition for divorce and the cross bill.

On March 21, new counsel for the Shriners Hospital filed a motion for new trial alleging that the court erred in sustaining the motion to dismiss the cross bill; its petition to intervene; and also erred in refusing to enter a divorce decree nunc pro tunc on Heil's cross bill. While this motion was pending, the respondent, on May 28, wrote a letter to the attorneys for relator and Shriners Hospital, stating: "You will remember that you requested, and I promised, that I would get in touch with you and notify you of any intended entry in the Heil case. After long study of the matter, * * * I have decided that rendition and entry of decree should be made to grant divorce on cross petition * * *".

Thereafter and on June 3, relator filed her petition in this court seeking to prohibit respondent from entering a decree of divorce on the cross petition. This court immediately contacted the respondent and requested that no further action be taken in the divorce case until it could be deter-

mined whether a writ of prohibition would issue. At the request of counsel for relator, and for the Shriners Hospital, time was given to file suggestions in support of and against the issuance of such writ. Suggestions were filed, and after due consideration, our writ issued on June 17; and on June 30, respondent filed return, admitting all allegations of paragraphs 1 to 15, as outlined supra.

The return also alleges that on June 3, 1959, prior to receiving notice from this court to take no further action in the divorce proceeding, the respondent made an entry in the court minute book that judgment was entered for the defendant in the divorce cause; and that a copy of a judgment in accordance therewith was handed by respondent to the clerk of his court. However, with commendable frankness, the return states: "Mention of these facts is not made to assert any defense to the petition for writ of prohibition on the theory that the judgment had already been entered and it is too late to be attacked, but mention of these facts is made for the purpose of correctly setting forth the state of the record." Attached to the return is a copy of such purported judgment, which recites that it is "made this 3d day of June, 1959. * * * That this judgment, order and decree and every part thereof shall be and are hereby made and entered, nunc pro tunc, as of July 24, 1958, the day the trial of this cause was completed and all issues submitted for final adjudication to the court."

The purported judgment also recites that the motion for new trial of Shriners Hospital is sustained; that the prior order dismissing the petition of Shriners Hospital to intervene is set aside, and the right to intervene is granted; and then proceeds to grant a divorce to deceased, Heil, as of July 24, 1958.

We forego the temptation to discuss the intriguing and fascinating question of whether a legatee, in a deceased person's will, may gallop into the arena in full armor and have himself substituted for the dead gladiator, and secure the dissolution of a marriage contract which has already been dissolved by a power higher than any tribunal instituted by man.

By-passing that issue, we are of the opinion that the respondent had no jurisdiction to render and enter a decree of divorce to Joseph Norman Heil, under the admitted facts; and if there is such a judgment in the files or on the records of the Circuit Court of Ray County, purporting so to do, it is a nullity and absolutely void.

It is clear that the respondent had not reached any final decision as to what action he should take in the divorce case until May 28, 1959, nine months after Heil had died, because in his letter of May 28, to the attorneys, he stated: "I have decided that rendition and entry of decree should be made to grant divorce on cross petition." At that time, the order dismissing the intervening petitions of the Commerce Trust Company and the Shriners Hospital, and also plaintiff's petition for divorce and defendant's cross bill for divorce, had *not* been set aside. The only pleading pending that might suspend the effectiveness of the order of dismissal was the motion for new trial filed by the Shriners Hospital.

It is true that in paragraph 16 of relator's petition, it is stated that at the time the death of Heil was suggested to the court, he informed the attorneys that he had formed an opinion of what disposition should be made of the divorce case and had made some memoranda, but that nothing had been entered of record. Respondent's return denies the allegations of paragraph 16, and there is no evidence to support the same, and they will not be considered. Under the authorities hereafter cited, such a preliminary conclusion of what should be done, without any record entry, would be of no importance.

The question of the power of a trial court to enter a divorce decree nunc pro

tunc after the death of one of the parties is fully discussed in Young v. Young, 165 Mo. 624, 65 S.W. 1016. In that case, at the close of all the evidence, the judge announced *orally* that he would grant a divorce to the husband; would award the custody of the children to the mother; but reserved a decision of the amount to be allowed for the support of the children, and attorneys' fees. Before any entry of record was made, the husband died. His attorneys contended that the court had power to enter the divorce decree nunc pro tunc as of the date when the court orally announced its decision, and shortly thereafter the court did enter its decree of divorce to the husband. The wife filed a motion to set aside that judgment on the ground that the court had no jurisdiction to enter the same, and in due time the court sustained that motion, "because the action abated by the death of the plaintiff, Young, before the decree was entered". On appeal the supreme court affirmed this action, saying (165 Mo. 631, 65 S.W. 1017): "So that it plainly appears that no judgment had been determined upon, much less announced, or any memorandum made, before the action abated by the death of the plaintiff therein, Mr. Young. In that race for the dissolution of the marriage bonds, the 'grim reaper' distanced the 'divorce mill'". The court further said that the decree entered after Young's death "could not be self-serving, so as to afford a basis for a nunc pro tunc entry". That is the precise situation in the instant case.

In Matlick v. Matlick, 212 Mo.App. 83, 251 S.W. 462, the St. Louis Court of Appeals discussed this question. In that case, the wife sued a husband for divorce and he filed a cross bill. The cause was heard and the court made its findings, dismissing the cross bill and granting the wife a divorce as prayed. On the same day, motions for new trial and in arrest of judgment were filed. Before these motions had been disposed of, the husband died. Letters of administration were granted on the estate of the husband, and in due time, the wife filed application for widow's allowances in accordance with the statutes. The allowances were denied, and she appealed. It was held that the judgment of divorce had not become final at the time of the husband's death because of the pending motions for new trial and in arrest of judgment, consequently the wife became the widow and was entitled to her allowances. It is apparent that this decision goes much further than it is necessary for us to do in the instant case.

In a divorce action where one of the parties dies before the rendition of a decree, the Missouri rule is announced in 17 Am. Jur., Sec. 463, page 573, as follows: "On the other hand, where the court has not in fact 'rendered' a decree of divorce on a certain date, even by an informal notation of its decision, and it later decides that a divorce should be granted, it cannot order that the decree be effective as of a prior date. The death of a party to a divorce suit before a final decree of divorce has been rendered precludes a nunc pro tunc entry of a decree". Citing, Young v. Young, supra, and decisions of other states.

For an extensive discussion of the right of a court to correct its records nunc pro tunc, we refer to the recent case of Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675. We will not lengthen this opinion by quoting therefrom, but an array of authorities collected in that opinion supports the conclusion we have reached.

■ In support of respondent's contention that he has jurisdiction to enter a decree of divorce nunc pro tunc, under the admitted facts, we are cited to Coulter v. Phoenix Brick & Const. Co., 131 Mo. App. 230, 110 S.W. 655, an opinion by this court. This case lends support to respondent's contention. There, several parties as plaintiffs brought suit to cancel certain tax bills issued for the construction of streets. The cause was tried and taken under advisement. Before judgment had been rendered, one of the plaintiffs died, and an order of revival was made in the name of his executor. Thereafter, the surviving

plaintiffs filed a motion to set aside the order of revival and enter a judgment on the merits nunc pro tunc as of the date the cause was originally submitted. The trial court sustained that motion and rendered judgment nunc pro tunc as of the date of submission. The defendant appealed and, among other things, claimed this was error. This court held that such was not error, and cited in support thereof, Sargent v. St. Louis & S. F. Railway Co., 114 Mo. 348, 21 S.W. 823, 19 L.R.A. 460; Central Savings Bank v. Shine, 48 Mo. 456; and Mead v. Mead, 1 Mo.App. 247. We have examined the three cited cases and find that in each instance there had been a judgment entered by the circuit court; an appeal had been taken; and the cause submitted to the appellate court *prior* to the death of one of the parties. In such a situation it is held, and there are many cases so holding, that the appellate court may enter a judgment of affirmance or reversal as of the day of *submission to the appellate court* without a revival of the cause in the appellate court. But those and similar cases will not support the contention that *a trial court*, having a divorce case under advisement at the time of the death of one of the parties, may thereafter enter a judgment nunc pro tunc as of the date of the original submission. This for the reason that the cause of action in divorce does not survive the death of one of the parties. Young v. Young, supra.

 Without approving the opinion, under the pleadings and state of the record, in the Coulter case, we do hold that it should not be construed or interpreted to authorize a *trial court*, having under advisement a cause of action which abates upon the death of one of the parties, to enter a judgment nunc pro tunc, after the death of one of the parties. A marriage contract, in certain respects, falls in a category separate and distinct from the ordinary and usual business contracts. It is the basis of the home, with all the rights and obligations that implies, and the home is one of the principal cornerstones of a decent and stable civilized society. Such a contract is considered so important to society that the courts uniformly hold that the state is an interested party. There are only two legal methods of dissolving such a contract. One is by death, and the other is by a court of competent jurisdiction. If death first dissolves the contract, then there is nothing left upon which the court's jurisdiction may operate.

We have considered other citations in respondent's brief and do not consider them controlling or persuasive in the instant case. Such authorities may be found in the text of 30A Am.Jur.—Judgments, Sec. 82, et seq.; 21 C.J. page 652; 30 C.J.S. Equity § 593; 34 C.J. pages 74–75; 49 C.J.S. Judgments § 118, page 247, et seq. Likewise, cases which discuss the propriety of nunc pro tunc entries to correct or amend some order or judgment previously made, for the purpose of correcting or changing the same to truly reflect the original intentions of the court, are not controlling in this case, because there had been no prior entry.

██ ██ Respondent's attorney, on the day this cause was set for oral argument, filed a motion to dismiss the proceedings because the relator had not served and filed a printed brief as provided by Sections 530.090, 512.150, RSMo 1949, V.A.M.S.; and, 42 V.A.M.S. Supreme Court Rule 1.25. The court is familiar with the provisions of said sections and rule. But at the time the pleadings herein were completed, there were filed rather complete typewritten suggestions, and the court stated to the attorneys that additional typewritten briefs and suggestions could be filed by the attorneys if desired. No other suggestions were filed. Respondent's attorney had been served with a copy of relator's original typewritten brief and suggestions three months before the cause was set for argument; and in respondent's suggestions, the cases relied on by relator were discussed at length. This court has the authority to permit the filing of typewritten briefs in lieu of printed briefs, and having done so in this proceed-

ing, it will not punish a party relying on such permission. The motion to dismiss is overruled.

From what we have said, it follows that respondent was and is without jurisdiction to render and enter a decree of divorce nunc pro tunc; and if such a decree has been entered, we hold it is utterly void, and the court records should so show. It also follows that the divorce action styled "Mary Lee Moles Heil vs. Joseph Norman Heil, No. 7825", should be ordered dismissed. In these respects, our provisional rule in prohibition is made absolute.

All concur.