Joseph S. LEVY, Executor of the Estate of
Mattie Winans, Appellant,

v.

Paul G. WINANS, Respondent.

No. 25419.

Kansas City Court of Appeals,
Missouri.

Dec. 7, 1970.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 1, 1971.

Application to Transfer Denied
April 12, 1971.

Frank B. Reiser and Paul Margolis, Jr., Kansas City, Levy & Craig, Kansas City, of counsel, for appellant.

Koenigsdorf, Kaplan, Kraft & Fox, by Phillip A. Kusnetzky, Kansas City, for respondent.

MAUGHMER, Commissioner.

The trial court denied the motion of the executor of the estate of Mattie Winans, deceased, for entry of a divorce decree nunc pro tunc, and instead dismissed the pending suit for divorce because of the death of the plaintiff-testatrix. The executor has appealed.

The plaintiff in the divorce suit, Mattie Winans, and the defendant, Paul G. Winans, were married in 1932. No children were born of the marriage. On June 8, 1965, Mrs. Winans filed her petition for divorce, accounting, conversion and for partition. Her petition was in five counts. All but Count I for divorce and Count V for partition were dismissed. Defendant filed answer, and at a pretrial conference on November 7, 1968, the cause was set as a contest on the issue of divorce. The trial was held on January 15, 1969. Both parties appeared in person and by attorney.

The only witness who testified was the plaintiff Mattie Winans. The defendant offered no evidence.

We set forth the court's statement made at the conclusion of the hearing and from the judge's minute book entry made at the same time, since these constitute the writings or memoranda upon which Appellant relies as authorizing entry of the requested nunc pro tunc judgment. We quote first the court's statement, which is a part of the transcript.

"The Court is at this time finding that the plaintiff is the innocent and injured party within the meaning of the statute, that the defendant has committed acts which are grounds for a divorce within the meaning of the statute, and therefore plaintiff is entitled to the principal relief sought, a decree of divorce.

"*In other words, be it entirely clear no decree is entered at this time but only the findings and conclusions just now reached.* The matter is kept open as to any remaining counts of the petition and as to those other collateral matters. It may be that some of those can be resolved in this posture of the case so without any attempt to set a date for the hearing of the remaining issues I will give counsel an opportunity to look into that and let us know what your pleasure is and about how long it would take if it is necessary to have a further evidence hearing we will leave the matter in that posture at this time." (Italics added.)

The Court's Minute Book contains this entry:

"Ct finds pltf innocent & injured party, that dft. was guilty of acts complained of, & that pltf. is entitled to a decree of div. Cause continued for reception of further ev. & entry of decree disposing of all issues.

"/s/ J.A.M.

"(*Not* a decree at this time)"

The clerk's Record Book of January 15, 1969 is as follows:

"Now on this day come parties in person and by their respective attorneys and said cause is presented to the Court upon the pleadings and after having heard the evidence the Court finds that plaintiff is the injured and innocent party and that defendant was guilty of acts complained of, and that plaintiff is entitled to a decree of divorce.

"Now said cause is continued for reception of further evidence and entry of decree disposing of all issues."

No further entries were made or proceedings had prior to March 3, 1969, on which date Mattie Winans died. The Appellant Joseph S. Levy was duly appointed executor of her estate, and in such capacity filed his motion for substitution of himself as party plaintiff, and motion for entry of decree of divorce nunc pro tunc, as of January 15, 1969, the date on which the hearing was held and the entries just quoted were made.

▮ In Missouri a marriage may be terminated in only two ways—by divorce or by death. This court (Heil v. Rogers, 329 S.W.2d 388, 392) stated the proposition this way:

"* * * There are only two legal methods of dissolving such a contract. One is by death, and the other is by a court of competent jurisdiction. If death first dissolves the contract, then there is nothing left upon which the court's jurisdiction may operate."

▮ An entry of a judgment nunc pro tunc must not only be based upon written records or memoranda, but can only be utilized to correct the record so as to *reflect the action actually taken,* and the written memoranda must clearly so show.

We find this rule stated in Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675, 681:

"The important principle to remember in determining the court's authority to

correct its records is that it can only correct the record so as to reflect the action actually taken by the court at the time it entered its order or judgment. A nunc pro tunc entry can only be employed to correct a clerical mistake or misprision of the clerk. Such an entry cannot be invoked to correct a mistake or oversight of the judge, nor be used to correct judicial errors, nor to render a judgment different from that actually rendered, even though the judgment actually rendered was not the judgment the judge intended to render." (Citing cases.)

"The court cannot record a judgment that was never in fact rendered. * *"

The brief of each party refers to the opinion in Young v. Young et al., 165 Mo. 624, 65 S.W. 1016, decided by our Supreme Court in 1901. That was a suit for partition. In determining ownership, the vital issue was the power of a California court to issue a divorce decree nunc pro tunc after the death of the plaintiff. In the divorce case the California court, after hearing the evidence, announced *orally* that it would grant a divorce but reserved the question of allowances for child support and attorney fees until a later date. Before any further orders or entries were made the husband died. The Missouri court held there was no judgment of divorce and no authority to enter one nunc pro tunc. Appellant cites this statement from the opinion:

"* * * there was no decree on September 4th, *because there was no written finding of fact, * * *.*"

Appellant apparently infers from this statement that if the trial court's oral finding had been in writing it would be sufficient to authorize entry of a nunc pro tunc judgment. Such a conclusion does not necessarily follow. At best it would be mere dictum, since the court was merely required to hold and did hold only, that an oral announcement that the court would grant the divorce, coupled with a contin-

uance for determination of allowances for child support and attorney fees, was not sufficient to authorize entry of a nunc pro tunc judgment of divorce.

In Heil v. Rogers, Mo.App., 329 S.W.2d 388, this court prohibited the respondent circuit judge from entering a decree of divorce nunc pro tunc in a case brought by relator Mary Heil against Joseph Heil. The trial court heard the evidence in July, 1958, and took the matter under advisement. No written orders of record were made at the time. On September 19, 1958, the defendant husband died. The court indicated that it had formed an opinion as to what disposition should be made of the case and had "made some memoranda, but that nothing had been entered of record." In its opinion the appellate court said in part (page 390):

"* * * Under the authorities hereafter cited, such a preliminary conclusion of what should be done, without any record entry, would be of no importance."

The court cited with approval, the following from 17 Am.Jur., Sec. 463, page 573:

"'On the other hand, where the court has not in fact "rendered" a decree of divorce on a certain date, even by an informal notation of its decision, and it later decides that a divorce should be granted, it cannot order that the decree be effective as of a prior date. The death of a party to a divorce suit before a final decree of divorce has been rendered precludes a nunc pro tunc entry of a decree'. * * *"

In Hogsett v. Hogsett, Mo.App., 409 S.W.2d 232, the wife died while the divorce suit and her motions for temporary alimony and attorney fees were pending and undisposed of. It was held that the action abated with her death and that the court was without jurisdiction to act even as to the motions for temporary alimony and attorney fees.

Appellant cites no Missouri cases except the Young case, supra, in support of his

contention. We now refer to the authorities he has cited from foreign jurisdictions. In Tikalsky v. Tikalsky, 166 Minn. 468, 208 N.W. 180, the plaintiff wife sued for divorce and defendant husband filed a cross-complaint. In July, 1920, after a hearing, the court entered the following conclusions of law and order for judgment:

> " 'That plaintiff is not entitled to any relief in this action, and that defendant is entitled to judgment adjudging and decreeing that the bonds of matrimony now and heretofore existing between plaintiff and defendant be forever dissolved, and awarding to defendant an absolute divorce from plaintiff. Let judgment be entered herein accordingly.' "

No formal judgment was ever entered. Plaintiff made a motion for new trial, which was denied August 20, 1920. She filed a notice of appeal but failed to perfect it and the same was dismissed. In June, 1924, defendant died testate and left his property to his children by a former marriage. Apparently the clerk did not enter the formal judgment while the motion for new trial was pending, and neglected to do so afterwards. In any event the plaintiff wife, after the death of her former husband, filed a claim as his widow. The court held the parties had been divorced. This case does not help Appellant. Here the judgment had been rendered and nothing remained to be done except for the clerk to enter the formal judgment and the written record of the court so showed.

In Blain et al. v. Broussard, 99 S.W.2d 993 (Tex.Civ.App.), a divorce had been duly granted to plaintiff. Defendant died on September 10, 1935. On September 19, 1935, nine days after her former husband's death, the plaintiff wife filed a motion to set aside the decree of divorce and grant her a new trial. The opinion holds that the court had no jurisdiction to consider her motion as defendant was deceased, and this terminated the court's jurisdiction in the whole matter. This opinion lends no support to Appellant's position as the Texas court had actually rendered the decree.

In Berkenfield v. Jacobs, 83 So.2d 265 (Fla.), a decree of divorce had been signed by the chancellor, but before it was recorded in the chancery order book, the defendant husband died. The Supreme Court held the decree of divorce had become effective and reversed the trial court for vacating the same.

The case of Caprita v. Caprita, 145 Ohio St. 5, 60 N.E.2d 483, merely holds, Syllabus 4:

> "Where decree had been rendered in action for divorce and division of property, but had not been journalized before death of party, the decree could be journalized by an entry nunc pro tunc."

Once more, in the Florida and Ohio cases, the court had clearly rendered judgment.

■ Certain basic rules applicable to our case are apparent from the authorities cited. A nunc pro tunc entry must be based upon some written entry or memorandum which is a part of the proceedings. Death of one spouse terminates the marriage and strips a court of any jurisdiction to act further in any pending suit for divorce. A nunc pro tunc entry can only be used to correct the record and reflect an action actually taken. It cannot be utilized to render a judgment different from that actually entered or to enter a judgment where one had not been rendered. A formal judgment nunc pro tunc can only be entered in those instances where a judgment has actually been rendered.

■ In the case before us, when the hearing or trial or proceeding of January 15, 1969, was held, only Count I for divorce and Count V for partition remained in plaintiff's petition. The court had specifically limited the January 15th hearing to the contested issue of divorce. As actually heard, it was not really contested— only the plaintiff testified and only the

plaintiff offered any evidence. Thereupon the court found and declared in writing:

1. Plaintiff is entitled to a decree of divorce.

2. No decree of divorce was entered at the time.

3. The case was continued for further hearing.

4. The trial judge on the court's minute book made the following entry, "(*Not a decree at this time.*)"

5. The clerk's entry accordingly was that the cause was "Continued for reception of further evidence and entry of decree disposing of all issues."

In our opinion it is evident that the court did not "render" a decree of divorce on January 15, 1969, nor did the court intend to enter such a judgment. The written memoranda specifically disclaim any such purpose and so declare in unmistakable language. That the trial judge so understood the entry which he had made is demonstrated by his action in denying Appellant's motion for the nunc pro tunc entry. To enter such a judgment after the death of one spouse, and after the court had lost jurisdiction would be planting a judgment where none existed before. It would be remaking the record or making a new record, rather than making the formal and final record conform to the finding and order of the court. This marriage was dissolved by the Grand Master above while the suit was pending.

None of the cases which we have reviewed herein, and that includes all those cited by Appellant, can be construed as authority for an entry of the nunc pro tunc judgment under the facts before us. These opinions do not even indicate that a nunc pro tunc entry is authorized in our case. They rather demonstrate the contrary.

The judgment denying the motion for entry of a decree of divorce nunc pro tunc under Count I and dismissing the action is affirmed.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.