**In re the MARRIAGE OF Belford Joe HARMS, Petitioner-Appellant,**

**and**

**Nina Mary Harms, Respondent.**

**No. 10924.**

Missouri Court of Appeals,
Springfield District.

March 14, 1978.

L. Joe Scott, Poplar Bluff, for petitioner-appellant.

Ralph R. Bloodworth, Jr., Bloodworth & Bloodworth, Poplar Bluff, for respondent.

BILLINGS, Chief Judge.

The notice of appeal and jurisdictional statement filed in this case show on their face that we lack jurisdiction and the purported appeal must be dismissed.

The notice of appeal recites that the *heirs* of petitioner Belford Joe Harms seek to prosecute the appeal and is signed by an attorney as "attorney for petitioner."

The jurisdictional statement shows that after Belford Joe Harms initiated dissolution of marriage proceedings against his wife, Nina Mary Harms, the court heard evidence of the parties on three occasions. Thereafter, a proposed decree was reviewed by the court and the court "made a specific correction with regard to paragraph number four and requested the attorney for the petitioner to prepare decree for formal signature."

Petitioner Belford Joe Harms died December 5, 1977, and the decree of dissolution was entered December 9, 1977. On December 15, 1977, Nina Mary Harms filed a motion to set aside the decree, contending the death of petitioner Belford Joe Harms dissolved the marriage and the court did not have jurisdiction to enter the decree. The trial court sustained the motion and this appeal followed.

■ There are two legal methods of dissolving a marriage contract. One is by death, and the other is by a court of competent jurisdiction. If death first dissolved the contract, then there is nothing left upon which the court's jurisdiction may operate. *Young v. Young,* 165 Mo. 624, 65 S.W. 1016 (1901); *Heil v. Rogers,* 329 S.W.2d 388 (Mo. App.1959).

In *Young* the trial court had orally announced he would grant the husband a divorce, award custody of children to the mother, but reserved his decision on the amount of support for the children and attorney's fees. Before entry of record was made, the husband died. Husband's attorneys contended a decree of divorce could be entered nunc pro tunc as of the date of the court's announcement. The supreme court held the death of the husband before the

entry of the decree abated the action and that the trial court was without jurisdiction to enter a decree dissolving the marriage. "In that race for the dissolution of the marriage bonds the 'grim reaper' distanced the 'divorce mill.'" *Young v. Young*, 65 S.W. at 1017–1018.

A similar result was reached in *Heil v. Rogers*, 329 S.W.2d 388 (Mo.App.1959), where the husband died while the matter was under advisement. The trial court indicated a divorce decree would be entered nunc pro tunc as of the date of completion of the trial. Prohibition followed and the provisional rule was made absolute with an order to dismiss the divorce suit.

■ The trial court properly set aside the decree entered December 9, 1977, having lost jurisdiction on December 5, 1977, when petitioner Belford Joe Harms died.

The appeal is dismissed and the trial court ordered to dismiss the case styled *Belford Joe Harms v. Nina Mary Harms*, No. D–3918–76, Circuit Court of Butler County, Missouri.

All concur.