**Phyllis F. LEVENTHAL,
Petitioner-Respondent,**

v.

**Norman LEVENTHAL, Respondent,**

**Sandra Leventhal, Intervenor-Appellant.**

**No. 43254.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

Application to Transfer Denied,
Feb. 16, 1982.

William Sitzer, Dubail, Judge, Kilker, O'Leary & Smith, St. Louis, for intervenor-appellant.

Robert L. Meyer and Alan D. Lobel, Leyhe, Meyer, Leyhe, Baker & Lobel, Clayton, for respondent.

WEIER, Judge.

The marriage of Phyllis and Norman Leventhal was dissolved and the marital property divided on April 21, 1975. Phyllis was awarded custody of two minor children while Norman was ordered to pay $300 per month child support and $900 per month for maintenance. In dividing the marital property the court made the parties tenants in common of the family residence. Norman subsequently married Sandra.

The present controversy was initiated by Norman on June 1, 1978, when he filed a motion to modify the earlier decree, seeking termination or reduction in the maintenance and child support awards because of reduction in income due to poor health. On November 22, 1978, Phyllis countered with a cross-motion to modify the decree of dissolution, seeking an increase in the child support and periodic maintenance. On January 11, 1979, Phyllis filed an amended cross-motion to modify the earlier decree requesting the additional relief of an award of maintenance in gross and what would

amount to a modification of the previous division of marital property by awarding to her Norman's undivided one-half interest in the family residence. The evidence and testimony on the motions to modify were concluded and the cause was taken as submitted on March 7, 1980.

On March 27, 1980, Norman died. A suggestion of death was filed by Sandra on May 2, 1980. On that date the court modified the decree and awarded Phyllis maintenance in gross in the sum of $40,000 in lieu of periodic maintenance of $900 per month. As additional maintenance in gross the court granted Phyllis, Norman's one-half interest in 115 Runnymeade, the residence in which she was previously awarded a one-half interest. Although the order was dated May 2, 1980, it was to be effective and was ordered to be entered in the records nunc pro tunc as of March 20, 1980. In the same order child support for the remaining dependent minor was increased from $300 to $450 per month. An award of $5,050.90 was made to Phyllis' attorneys.

This judgment was followed on May 13, 1980, by Sandra's motion to intervene and her motion to set aside the judgment of modification, alleging the death of Norman and her ownership of a one-half interest in the real estate in question because the interest had been conveyed to both of them as tenants by the entirety after they had married. These motions were denied on July 23, 1980. The court stated that the motion to intervene was untimely, that Sandra was not a proper party, and that she had due notice of the proceedings. We reverse the judgment of the trial court.

█ In order to relate the law to the facts of this case, we consider the effect of death upon a dissolution proceeding or any modification of the dissolution decree. An action to dissolve a marriage abates upon the death of either party. *State ex rel. Dubinsky v. Weinstein*, 413 S.W.2d 178, 181[4] (Mo.banc 1967); *In re the Marriage of Harms*, 563 S.W.2d 781[1] (Mo.App.1978). After the entry of a valid decree between the parties dissolving their marriage, the court retains limited jurisdiction to make subsequent modifications and alterations of the provisions of the decree for a child's custody and support and for periodic maintenance to a spouse. In such modification proceedings, death of either party again operates to abate any further action of the court and the court loses jurisdiction except in a few limited matters. *Schumacher v. Schumacher*, 223 S.W.2d 841, 844, 845 (Mo. App.1949); *Shepler v. Shepler*, 348 S.W.2d 607, 609[2] (Mo.App.1961); *In the Matter of Cole*, 274 S.W.2d 601, 608[1] (Mo.App.1955).

█ Additionally, statutory law prohibits a court from obligating a party to a dissolution proceeding to pay future maintenance upon the death of either party unless this is agreed to in writing or expressly provided in the decree. Section 452.370.2, RSMo 1978. Equally applicable to the facts here are certain limitations on the jurisdiction of the courts to grant post-decretal modification when both parties are alive. A court may not modify a final order of distribution of marital property, §§ 452.330.4 and 452.-360.2, RSMo 1978, or modify alimony in gross after the obligation has become final. *Terrell v. Terrell*, 582 S.W.2d 720, 722[4] (Mo.App.1979).

It follows, therefore, if the judgment entered May 2, 1980, was effective on that date and Norman Leventhal died prior thereto, a fact which is acknowledged by both parties to be true in their briefs and is supported by a death certificate attached to the motions of Sandra Leventhal, then the judgment of May 2, 1980, was void and of no effect because the court was without jurisdiction to render it.

█ Petitioner Phyllis Leventhal, however, maintains that although the formal order was dated May 2, 1980, the court in the last paragraph of the order decreed that it be entered nunc pro tunc as of March 20, 1980, and was effective on that date. The weakness of this theory is there is nothing in the records of the court to support such an entry. Although a judgment entry may be corrected to remedy a clerical error or omission, the entry of judgment correcting the error cannot be made unless supported

by some writing in the record which shows that the judgment was actually rendered. *Fields v. Fields*, 584 S.W.2d 163, 165[1, 2] (Mo.App.1979). In this connection, parole evidence of the rendition of an oral judgment is not admissible and an oral announcement by the court will not support the entry of a judgment nunc pro tunc as of the date of the announcement when the formal judgment was entered upon a day subsequent to the death of a party to a divorce action. *Young v. Young*, 165 Mo. 624, 65 S.W. 1016, 1018 (1901). *See also Orchard Container Corporation v. Orchard*, 601 S.W.2d 299, 305[11] (Mo.App.1980); *Heil v. Rogers*, 329 S.W.2d 388, 390[2] (Mo.App. 1959).

■ We pass now to the issue of whether Sandra, the second wife of Norman who had been made a tenant by the entirety with Norman in the one-half interest awarded to him under the divorce decree, had standing to challenge the validity of the judgment entered in the modification proceeding after Norman's death. Obviously Sandra was not a party to the modification proceeding. The judgment, however, vitally affected the interest which she had previously acquired in the real estate posthumously awarded to Phyllis. There had been a notice of lis pendens filed in the recorder's office when Phyllis moved to acquire this one-half interest and the decree, if recorded, would constitute a defect in her title. It would impair the merchantability of her one-half interest.

The motion to set aside the judgment alleged the facts of the death of Norman Leventhal prior to the entry of the purported judgment. It attacked the validity of the "nunc pro tunc" order entered at that time and alleged that Sandra was the surviving joint tenant in the one-half interest owned by her husband and as surviving spouse was entitled to receive his one-half interest in the real estate. She prayed that the court set aside its order of May 2, 1980, modifying the decree of dissolution. Although we do not adjudicate her title, by admission in respondent's brief and as shown by the recorded copy of a quitclaim deed attached to and made a part of the verified motion, Sandra had an interest in the real estate. As such, she was a proper party to file the motion to set aside the void judgment. As ruled in *State ex rel. Potter v. Riley*, 219 Mo. 667, 118 S.W. 647, 651, 652 (1909), a motion attacking a judgment because of facts which exist outside the record is in the nature of a writ of error coram nobis. It is the purpose of the motion to make apparent to the court that because of these facts the judgment should be set aside. The court there held that the relators were proper parties to file the motion because they were heirs at law of Potter and were injured by the judgment. They were privies to the record as such heirs of Potter. Here Sandra is the widow of Norman and has made a showing that she was the surviving tenant by the entirety of the one-half interest in the real estate which the void judgment purported to transfer to Phyllis. Under the facts as shown here, Sandra had an interest that gave her standing to file the motion to set aside the judgment just as the heirs at law in *Potter*. Because this was a post-dissolution proceeding, the judgment here procured was absolutely void as opposed to it being voidable only in *Potter*.

For the reasons given, we reverse the judgment of the circuit court and for the sake of judicial economy, order that the judgment entered by the circuit court on May 2, 1980, in this cause be set aside and for naught held. The motions to strike portions of briefs are denied.

STEWART, P. J. and STEPHAN, J., concur.