473 So.2d 299 (1985)
Ruby Louise SIMPSON, Appellant,
v.
Nathaniel Eli SIMPSON, Appellee.
No. 84-2807.
District Court of Appeal of Florida, Third District.
August 6, 1985.
Stephen F. Kessler, Miami, for appellant.
No appearance for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This action commenced in the trial court on the complaint by the wife for dissolution of marriage wherein she alleged that her husband owned several guns and had threatened to kill her and her three children, two of a prior marriage. A motion for restraining order was granted orally but before it was reduced to writing, the wife was killed by the husband. For reasons not developed in the record, the husband was not prosecuted.
The wife's attorney petitioned the court to divide the marital property so as to award the wife's share to her children, contending that the husband should not be permitted to acquire a survivor's interest in the wife's property.[1] The motion was denied and the case dismissed.
We agree with the trial court that the action for dissolution of marriage terminated with the death of the wife and was properly dismissed. See Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944); Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA) (rehearing en banc), appeal dismissed, 419 So.2d 1198 (Fla. 1982). The division of the wife's property should be the subject of a separate probate action brought by a substituted party.
For the same reason the dissolution action was dismissed this appeal is also
DISMISSED.
NOTES
[1] Appellant relies on section 732.802(2), Florida Statutes (1983) which provides that a tenant by the entirety who unlawfully and intentionally kills or procures the death of another tenant by the entirety effects a severance of the interest of the decedent so that the share of the decedent passes as the decedent's property and the killer has no rights by survivorship. Appellant also relies on section 732.802(5) for her contention that even in the absence of a conviction of murder, section 732.802(2) will apply so long as the killing is proved, by the greater weight of the evidence in a civil action, to be unlawful and intentional. Ashwood v. Patterson, 49 So.2d 848 (Fla. 1951), also relied upon by appellant, states the common law principle codified by section 732.802(2).