In re the **MARRIAGE OF Roxanne R. TUTTLE, (Now Deceased) Petitioner**

and

**Robert A. Tuttle, Respondent,**

and

**Karen V. Kueck, Intervenor–Appellant.**

**No. WD 40599.**

Missouri Court of Appeals,
Western District.

Dec. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1989.

David Edward Martin, Independence, for intervenor-appellant.

John J. McFadden, Jr., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

LOWENSTEIN, Presiding Judge.

The issue of this appeal is whether the mother of a deceased woman can gain custody of her daughter's children by modification of a child custody decree between her daughter and her daughter's husband.

The facts are not disputed. The marriage of the respondent, Robert Tuttle, and his wife, Roxanne was dissolved on February 1, 1978 in the domestic relations division of the circuit court of Jackson County. Roxanne was granted custody of the children born August 15, 1973 and July 18, 1975. The respondent father was successful in December 1985 in modifying the decree to gain custody of the children. Later Roxanne died. Her mother, Mrs. Kueck, then filed as an intervenor in the dissolution case for a change of child custody from Robert Tuttle to her.

The trial court sustained the father's motion to dismiss her petition on the basis that the continuing jurisdiction over the children of the dissolution court abated upon the death of the mother. The court held that after the mother's death, exclusive jurisdiction over the children was vested in the juvenile court, pursuant to § 211.031, RSMo 1986. The trial court's conclusion will not be reversed unless it erroneously applied or declared the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The conclusion was correct and the judgment will be affirmed.

■ Prior to the dissolution act, a Missouri court derived its jurisdiction over a divorce proceeding from the divorce action itself. *Schumacher v. Schumacher*, 223 S.W.2d 841, 845 (Mo.App.1949). The death of either spouse abates that jurisdiction. Thereafter, the court no longer maintains the authority to modify a divorce decree. *Id. See also, In re B.R.F.*, 669 S.W.2d 240, 244 (Mo.App.1984); *Leventhal v. Leventhal*, 629 S.W.2d 505, 507 (Mo.App.1981). When, in the case at bar, the mother died,

the continuing jurisdiction of the divorce court over custody abated. *Tomlinson v. O'Briant*, 634 S.W.2d 546, 548 (Mo.App. 1982). The present Dissolution Act has not changed those principles. *In re B.R.F.*, *supra* at 244.

■ The grandmother can point to no case authority supporting her position that she can modify the custody portion of this dissolution decree. In her brief, however, she cites *In re B.R.F.*, which proves particularly helpful in resolving the issues presented by this appeal.

B.R.F. was one of two children born to F.F., the father, during the marriage to B.J.F., the mother. The marriage was dissolved by decree in the Circuit Court of the City of St. Louis. Custody of B.R.F. was awarded to the mother. The mother was living in New Jersey at the time of the decree. She continued to live there until her death.

After the death of the mother, the maternal grandmother cared for the children in New Jersey. Sometime thereafter the grandmother filed a "complaint" in the New Jersey court requesting an order of temporary custody. The father appeared in person and by his attorney at a evidentiary hearing on the matter. The New Jersey court entered an order awarding temporary custody of the children to their grandmother.

The father then sought modification of the original divorce decree by filing a motion for an "Ex Parte Order of Custody" in the Circuit Court of St. Louis. The Missouri court entered its order granting custody to the father. The father retrieved one of the children, B.R.F., from New Jersey and brought the child to Missouri. The grandmother filed a Writ of Habeas Corpus in Missouri claiming that the father was violating her right to take physical custody of the child.

The grandmother contended that the New Jersey court had jurisdiction to issue its custody awards under the Uniform Child Custody Jurisdiction Act (UCCJA) (adopted in both New Jersey and in Missouri in §§ 452.440–452.550, RSMo 1986).

The father countered that the Missouri court properly assumed jurisdiction over the child at the time of the original divorce decree and that jurisdiction continued and was in effect at the time the grandmother petitioned the New Jersey courts—despite the fact that his ex-wife had died.

The Missouri court found the writ to lie for the following reasons: "The purpose of the UCCJA is to limit, as much as possible, the jurisdiction or exercise of jurisdiction over the custody of a child, at any one time, to the court of only one state and, thus, avoid jurisdictional competition and conflict between the courts of different states." *In re B.R.F.*, 669 S.W.2d at 243 (citing U.C.C.J.A. § 1, 9 U.L.A. 116–117 (Master ed.1979)). Thus, the courts of one state must recognize the custody decree of a court of another state so long as that court had jurisdiction to enter the decree. In the aforementioned fact scenario, the Missouri court's jurisdiction abated upon the death of the natural mother. Therefore, the Missouri court looked to the jurisdictional requirements of the UCCJA to determine whether New Jersey court was the proper forum to decide that the grandmother should have custody.

The case at bar does not involve a habeas petition. It does not have a UCCJA question, as Missouri is the only state involved. Neither *B.R.F.* nor the adoption of the UCCJA has expanded the jurisdiction of the dissolution court. The court's power ceases upon the death of a parent. The only question in this case is what court, if any, has jurisdiction over these children who have legally resided with the father since before the death of his former spouse. One answer is that the Juvenile Court of Jackson County, where the children have lived since 1985, would have jurisdiction if grounds exist under § 211.031.1(1). Subsection (a) of that statute deals with the situation where a child is alleged to be in need of care and treatment because the parents or other persons legally responsible for the care and support of the child have neglected or refused to provide proper medical, surgical or other care necessary for the child's well being. *In Interest of J.M.P.*, 669 S.W.2d 298, 299 (Mo.App.1984). Subsection (b) of this statute also provides for the juvenile court to take jurisdiction if a child in the county is found otherwise without proper care, custody or support. The other answer as to jurisdiction in this type of case would be to look to Chapter 475 pertaining to a guardianship under the probate code.

Our law remains the divorce court loses jurisdiction as to the awarding of custody after the death of a parent. *Shepler v. Shepler*, 348 S.W.2d 607, 609 (Mo.App. 1961).

JUDGMENT AFFIRMED.