**Saloma Boswell Cooper Young Anderson WINTERS,**
**Appellant,**

v.

**Melinda COOPER, Respondent.**

**No. 60183.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 3, 1992.

Claude Hanks, Chesterfield, for appellant.

Frank Kimberly Carlson, John Robert O'Connor, Union, for respondent.

PER CURIAM.

Appellant, Saloma Winters, appeals from an order of the Circuit Court of Franklin

County finding appellant unfit, unsuitable and unable to have custody of her minor children and awarding their custody to respondent, Melinda Cooper, the children's stepmother. We reverse and remand.

On May 14, 1986, William Cooper and appellant were granted a dissolution of marriage in the Superior Court of Navajo County, Arizona. Pursuant to the terms of the decree, custody of the parties' three minor children, currently ages 5, 9 and 12, was awarded jointly. Some time between 1986 and 1990, the parties moved to Missouri and Mr. Cooper married the respondent herein.

On February 2, 1990, William Cooper filed a motion to modify the decree of dissolution requesting that he be granted primary custody of the parties' minor children. A hearing was held on the motion on July 16, 1990. On July 25, 1990, Mr. Cooper filed a motion to re-open the evidence in the case and the motion was granted on December 17, 1990. On January 7, 1991, the additional evidence was heard.

On January 31, 1991, William Cooper was killed in an automobile accident. The following day, John O'Conner, the guardian ad litem appointed to represent the children in this action, informed the court of Mr. Cooper's death. On February 4, 1991, the court issued an order modifying the decree of dissolution and awarding primary legal and physical custody of the children to Mr. Cooper.

On February 7, 1991, respondent filed a motion for leave to intervene, motion for custody and suggestions of death. On May 1, 1991, the trial court granted custody of the minor children to respondent and this appeal followed.

Appellant's sole claim on appeal is that the trial court erred in granting judgment in favor of respondent because the action to modify the decree of dissolution abated upon the death of Mr. Cooper. We agree.

■ Prior to the dissolution act, Missouri courts derived their jurisdiction over divorce proceedings from the divorce action itself. *Schumacher v. Schumacher*, 223 S.W.2d 841, 845 (Mo.App.,St.L.Ct.App.

1949). The death of either spouse abated the jurisdiction of the court to proceed. *Dubinsky v. Weinstein*, 413 S.W.2d 178, 181 (Mo. banc 1967). Once the court entered a valid dissolution decree, the court retained limited jurisdiction to make subsequent modifications and alterations of the provisions of the decree relating to child custody, child support and spousal maintenance. *Leventhal v. Leventhal*, 629 S.W.2d 505, 507 (Mo.App.,E.D.1981). If a motion to modify was brought, death of either party, again, operated to abate any further action of the court and the court lost jurisdiction. *Id.; In re Marriage of Tuttle*, 764 S.W.2d 99, 100 (Mo.App., W.D. 1988). The current dissolution act did not change these principles. *Tuttle*, 764 S.W.2d at 100.

■ Respondent urges that abatement does not apply in this case because the court had already made a determination prior to the death of Mr. Cooper that appellant was unfit, unsuitable and unable to be custodian of the children. We do not quarrel with respondent's claim that the court found appellant to be an unfit parent; indeed, from the trial court's findings of fact we believe appellant to be the very epitome of an unfit parent. However, there is no record of the trial court making any order on Mr. Cooper's motion until February 4, 1991, several days after Mr. Cooper's death. The fact that the trial court may have decided that appellant was unfit before that date, and even prepared its order for typing, does not provide the court with jurisdiction to enter its order after the death of Mr. Cooper.

In *In Re: Marriage of Harms*, 563 S.W.2d 781 (Mo.App., Spfld.Dist.1978), the husband instituted dissolution of marriage proceedings against his spouse and the court heard evidence from the parties on three occasions. *Harms*, 563 S.W.2d at 781. Thereafter, the proposed decree was reviewed by the court and the court made minor changes before requesting one of the attorneys to prepare the decree for formal signature. *Id.* Before the decree could be entered, the husband died. Four days later, the trial court entered its decree of dissolution. The trial court later set aside its decree on motion by the wife. The

Court of Appeals held that the trial court properly granted the wife's motion to set aside the decree because the trial court lost jurisdiction to enter the decree upon the death of the husband. *Id.* at 782; *see also Young v. Young*, 165 Mo. 624, 65 S.W. 1016 (1901). The present circumstances are similar to those presented in *Harms* and we believe that caselaw mandates a similar result.

■ Respondent also urges that abatement does not apply here, citing this court to *In Re: Marriage of Carter*, 794 S.W.2d 321 (Mo.App., S.D.1990). In *Carter*, the decree of dissolution provided that custody of the children be placed with the maternal grandmother. *Carter*, 794 S.W.2d at 321. The father later filed a motion to modify but, before the motion could be heard, the children's natural mother died. The court later modified the decree to place custody of the children with the father and the grandmother appealed. *Id.* at 321–22. On the issue of abatement, the appellate court held that, because custody had originally been placed with the grandmother, she was a party to the dissolution action and, therefore, abatement did not apply in that case. *Id.* at 323–24. Clearly, *Carter* has no application here. Respondent was never a party to the decree of dissolution and respondent was, consequently, not a party to the action. Abatement applies.

We agree with respondent that what must occur here is a true miscarriage of justice. The interest of the children, always considered of primary importance, is not well served by placing them with a mother whose actions may be charitably referred to as neglect or abuse. Nevertheless, as the trial court did not have jurisdiction over the action, we are compelled to reverse. We note, however, that respondent may have a proper remedy in the juvenile court pursuant to RSMo § 211.-031.1(1) or Chapter 475 relating to guardianship. The decision of the Circuit Court is reversed and remanded for an order consistent with this opinion.