Martha Ann **CLARK**, Respondent,

v.

Philip **CLEVENGER**, Personal Representative of The Harold Eugene Clevenger Estate, Appellant.

No. WD 55296.

Missouri Court of Appeals, Western District.

Nov. 3, 1998.

James T. Bellamy, Marshall, for Appellant.

Teresa M. Terry, Liberty, for Respondent.

HANNA, Judge.

Appellant, Philip Clevenger as Personal Representative of the Harold Clevenger Estate, appeals from the circuit court's order of modification awarding Martha Ann Clark retroactive child support in the amount of $3159.12, and attorney fees in the amount of $500. Appellant's sole claim on appeal is that the trial court erred in granting judgment in favor of Clark because the action to modify the decree of dissolution abated upon the death of Clevenger. Appellant argues that because Clevenger died before the trial court rendered its judgment of modification, the court's jurisdiction to proceed abated. Clark contends that this is a question of first impression in Missouri, and "where there appears to be no caselaw which is on point, this court has previously held that a cause of action does not abate with the death of a party." We find that the trial court lacked jurisdiction and, therefore, the judgment is reversed and the case is remanded.

On March 8, 1991, Martha Clark and Harold Clevenger were granted a dissolution of marriage in the circuit court of Saline County. Pursuant to the terms of the decree, the parties were awarded joint legal custody of their two minor children, with Clark receiving primary physical custody. Clark was awarded child support of $50 per child to be paid every other week.

On September 27, 1996, Clark filed a motion to modify the decree of dissolution seeking an increase in the amount of child support and attorney fees. A hearing on the motion was held on February 18, 1997. Clevenger requested additional time to brief certain issues. Clevenger filed a brief on February 24, 1997, and Clark filed a response on March 6, 1997.

On June 3, 1997, Clevenger died in an automobile accident. Thereafter, Clark filed suggestions of death requesting that a final judgment be entered in her favor. On October 9, 1997, the personal representative of Clevenger's estate filed a special appearance to contest jurisdiction. On November 17, 1997, the court issued a judgment modifying the decree of dissolution and ordered Clevenger to pay $611.55 per month in child support, retroactive to the time of the filing of the motion to modify and continuing to the date of his death. After granting Clevenger credit for the amount of child support that he had previously paid, the court adjudged Clevenger to be in arrears in the amount of $3159.12. Additionally, the court awarded Clark attorney fees in the sum of $500 and assessed costs against Clevenger.

On November 26, 1997, the personal representative filed a motion to intervene and to set aside the order of modification. A hearing was held on the motion after which the court sustained the motion to intervene and denied all other motions. On December 12, 1997, the court entered an amended judg-

ment of modification that substituted the personal representative, Philip Clevenger, as a party. In all other aspects, the amended order dated December 12 and the original order dated November 17 were the same. On December 19, 1997, the personal representative filed a notice of appeal with this court.

■ On review of a civil court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Zimmer v. Zimmer*, 862 S.W.2d 355, 359 (Mo.App.1993); *In re Marriage of Tuttle*, 764 S.W.2d 99, 100 (Mo.App. 1988).

In *Leventhal v. Leventhal*, the court addressed the issue of abatement with regard to a modification proceeding. 629 S.W.2d 505 (Mo.App.1981). The court entered a decree of dissolution in 1978, which required that Mr. Levanthol pay child support and maintenance to Mrs. Levanthol. Shortly thereafter, both parties filed motions seeking to modify the earlier award of maintenance and child support. Evidence was presented and testimony was taken on March 7, 1980. Three weeks later, Mr. Levanthol died. On May 2, 1980, the court modified the decree, and awarded Mrs. Levanthol maintenance in gross, in lieu of periodic maintenance. The appellate court held that the trial court's jurisdiction to proceed abated upon the death of Mr. Levanthol thus, the court's judgment was void. *Id.* at 507. The court's conclusion was based on the well established rule that the death of either party to a divorce proceeding prohibits the court from making subsequent modifications. *Id.* Specifically, the court stated:

An action to dissolve a marriage abates upon the death of either party. After the entry of a valid decree between the parties dissolving their marriage, the court retains limited jurisdiction to make subsequent modifications and alterations of the provisions of the decree for a child's custody and support and for periodic maintenance to a spouse. In such modification proceedings, death of either party again operates to abate any further action of the court and the court loses jurisdiction except in a few limited matters.

*Id.*

Clark argues that a modification action for retroactive child support and attorney fees falls within the "few limited matters" exception discussed in *Leventhal.* However, Clark does not provide us with any explanation why this case falls within that limited exception.

Clark also refers us to three cases, decided after *Leventhal,* which she claims support her argument that a modification action for retroactive child support does not abate upon the death of the obligor. *Cregan v. Clark* involved an appeal from a judgment of legal separation which distributed the parties' marital property and awarded maintenance. 658 S.W.2d 924 (Mo.App.1983). Mr. Cregan died during the pendency of the appeal, and his personal representative was substituted. The court held that the appeal had not abated. *Id.* at 927. In discussing the doctrine of abatement, the court noted that where "the property rights of the parties are involved, the parties are entitled to have that aspect of the case decided though one of the parties has died." *Id.* (citing *Anderson v. Dyer*, 456 S.W.2d 808, 814 (Mo.App.1970)).

There is a difference in the procedural posture of these two cases. In *Cregan,* the trial court entered an order granting the parties a legal separation and dividing their property prior to Mr. Cregan's death. Thus, the issue was whether the appellate court had jurisdiction to review the trial court's judgment after Mr. Cregan's death. In the instant modification action, the trial court did not enter an order until after Clevenger's death. Therefore, the issue here is whether the trial court had jurisdiction to render an order after Clevenger's death. In short, *Cregan* does not support the trial court's order awarding retroactive child support and attorney fees because, here, there was no final judgment issued by the trial court prior to Clevenger's death.

Next, Clark refers us to *Fischer v. Seibel,*

733 S.W.2d 469 (Mo.App.1987).[1] *Fischer* involved a dissolution action that was filed in 1971. The trial court entered an order for temporary support in 1972, and a decree dissolving the marriage in 1974. In December 1980, the trial court entered an order dividing the property and awarding Mrs. Fischer maintenance. However, shortly thereafter, the court sustained defendant's motion for a new trial.[2] In 1982, prior to the new trial, the defendant died. Defendant's personal representative was substituted, and a trial was held in 1985. Relying upon *Cregan*, the court determined that the undecided issues of property and maintenance did not abate because no final order regarding the distribution of marital property and maintenance was made by the trial court prior to Mr. Fischer's death. *Id.* at 472.

In *Fischer*, no final order regarding the distribution of marital property and maintenance was in effect at the time of the obligor's death. Therefore, the *Fischer* court's decision not abating the action was driven by the need to decide the parties' property rights. In the instant case, a final order addressing the parties' property and child support issues was entered by the trial court on March 8, 1991. Thus, unlike the situation in *Fischer*, the trial court was not faced with the need to resolve the parties' property issues.

Finally, Clark cites *In re Marriage of Carter*, for the proposition that the death of a party does not cause an action involving property rights to abate. 794 S.W.2d 321 (Mo.App.1990). Specifically, *Carter* involved an action to modify a decree of dissolution that awarded custody of the minor children to their maternal grandmother. The court held that a decree of custody action did not abate upon the death of the mother when custody was awarded to a third person. *Id.* at 327. In such a case, the issue of custody remained between the surviving parent and the third party. *Id.* at 324. In *Carter*, the court analyzed the abatement doctrine by stating:

1. Dissenting opinions were written in both Fischer and Cregan.

2. After making a determination regarding the distribution of property and maintenance in its

[A]n action for the dissolution of marriage may involve not only the issue of marital status, but also the issue of distribution of property and the issue of custody of children. When the issue of marital status has been resolved by a decree dissolving a marriage, the issue of distribution of property is not personal. On that basis, the death of a party after a decree of dissolution has become final does not cause an action pending on the issue of the distribution of property to abate.

The issue of custody of children between a husband and wife is personal. As stated, if either dies before the entry of a decree of dissolution, the action, including the issue of custody abates. If either dies after a decree of dissolution, but before an order of custody, the action abates as to that issue.

*Id.* at 322.

Relying upon this language, Clark contends that the current action for retroactive child support and attorney fees involved property rights and, therefore, it did not abate upon Clevenger's death. We are not willing to interpret the language in *Carter* to mean that a modification action involving property rights never abates. Instead, we believe that a modification action involving the distribution of property abates upon the death of a party, except where no final order dividing the property is in effect. In the present case, a final order addressing Clevenger's obligation to pay child support was entered prior to Clevenger's death on March 8, 1991, thus, the current modification action abated regardless of whether the action involved property rights.

In *Winters v. Cooper*, the court addressed the issue of abatement under circumstances similar to those found in the present case. 827 S.W.2d 233 (Mo.App.1991). The *Winters* case involved a motion to modify a decree of dissolution that was filed by Cooper on February 2, 1990. On January 31, 1991, Cooper

1980 judgment, the court granted the defendant a new trial. Thus, instead of becoming final, the 1980 judgment was set aside and the case was reinstated for a trial on the merits.

died in an automobile accident. Following his death, the trial court issued an order modifying the decree of dissolution and entered orders regarding the custody of the minor children. Reversing the trial court, this court held that the death of one of the parties to a modification action, before a decision is issued, operates to abate any further action of the court. *Id.* at 235. In reaching this conclusion, the court noted that "the fact that the trial court may have decided that appellant was unfit before that date, and even prepared its order for typing, does not provide the court with jurisdiction to enter its order after the death of Mr. Cooper." *Id.* at 234.

In a more recent case, the supreme court recognized the abatement doctrine discussed in *Winters. See Linzenni v. Hoffman*, 937 S.W.2d 723 (Mo. banc 1997). In *Linzenni*, Mrs. Hoffman appealed from the court's order dissolving her marriage. Apparently, prior to Mr. Hoffman's death, the trial court had prepared a written work sheet wherein the marriage of the parties was ordered dissolved. Additionally, the work sheet was noted on the docket sheet by a clerk, and was presumed by the trial court to have been filed prior to the husband's death. In finding that the work sheet was a valid judgment the court noted:

> The work sheet, signed by the judge and filed in the case, unequivocally states the marriage is "ORDERED DISSOLVED." This is unquestionably a valid order. Rule 74.03. Generally, jurisdiction abates in a dissolution action where one of the parties dies while the case is pending. However, under the policy of our dissolution of marriage act, the doctrine of abatement is inapplicable where a dissolution of marriage has been ordered prior to the death of a party.... Because the marriage was ordered dissolved on July 13, 1995, there

was no abatement of the action as a result of Max's death.

*Id.* at 726.

Applying the reasoning in *Winters* and *Linzenni* to the present case, we hold that the trial court was without jurisdiction to render a judgment modifying the decree of dissolution after Clevenger's death. Here, the record reflects that the decree of dissolution, entered on March 8, 1991, was the only order addressing Clevenger's obligation to pay child support in effect at the time of his death. It is undisputed that no judgment was entered in the current modification action until November 17, 1997, more than five months after Clevenger's death.[3] For these reasons, the judgment of the trial court that Clevenger's estate is liable for retroactive child support and attorney fees is reversed, and the cause is remanded with instructions to void the November 17, 1997, order and the December 12, 1997, amended order.[4]

BRECKENRIDGE, P.J., and ELLIS, J., concur.

---

**3.** "Judgment" as defined in Rule 74.01(a) includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by a judge and denominated "judgment" is filed. Linzenni, 937 S.W.2d at 727.

**4.** Clark also argues that Clevenger's point relied on fails to meet the requirements of Rule 84.04(d). Specifically, Clark contends that Cle-

venger's point relied on is not brief and concise, and is lacking in content. We disagree. Additionally, Clark contends that Clevenger's brief is deficient in that there is no table of contents, no table of authorities, and the standard of review appears at the end of the brief. Currently, Rule 84.04 does not require that a brief contain a table of contents or a table of authorities. Point denied.